IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICHOLAS DEONTE JOHNSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:11-CV-179-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Nicholas Deonte Johnson, TDCJ-ID # 1314913, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. No service has been issued upon Respondent.

## C. Factual and Procedure History

Petitioner is serving two twenty-year sentences for his 2005 aggravated assault convictions in Tarrant County, Texas. (Pet. at 2) Petitioner has filed two prior federal petitions for writ of habeas corpus under § 2254 in this court challenging the same convictions. The first, *Johnson v. Quarterman*, No. 4:08-CV-030-A, was denied on the merits on May 7, 2009, and the Fifth Circuit Court of Appeals denied a certificate of appealability. The second, *Johnson v. Quarterman*, 4:09-CV-306-A, was dismissed as successive on June 25, 2009, and the Fifth Circuit dismissed the appeal for want of jurisdiction.

## D. Issues

In this petition, petitioner raises the following ground for relief: "At the time [he] was actually tried, the trial court's standing finding was that [he] was incompetent to stand trial." (Pet. at 5)

> Petitioner offers the following facts in support of the claim:
>
> On April 15, 2008, [in 4:08-CV-030-A] Magistrate ordered that the amended petition supercedes the original and supplemental petitions and that Petitioner's amended petition raises two issues for relief related to his incompetency to stand trial and ordered that Respondent give an amended answer's [sic] to those claims. Respondent did not give answer's [sic] to both claims. Petitioner filed in the original petition that under the law, he was legally incompetent to stand trial. In Respondent['s] original answer it said the claim was unexhausted. That was and is not true. It was exhausted in the original petition. Petitioner was convicted while legally incompetent to stand trial at the time of trial and conviction's [sic].

(*Id.*)

Petitioner acknowledges that he has filed previous federal habeas petitions attacking the same convictions and raising the same or similar incompetency claim, but explains–

2

> The claim was ordered to be considered by [the] Magistrate Judge in the amended petition that superseded the original petition, which the same claim was raised in the original petition that Respondent gave an answer that said that claim was unexhausted, which it was exhausted at that time, and Respondent never gave answers to claims related to petitioner's incompetency that was ordered by the Magistrate. Case # 4:08-CV-030-A. Petition was denied without the claim considered. Case # 4:09-CV-306-A was dismissed without prejudice.

(*Id.* at 6)

## E. SUCCESSIVE PETITION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1] The Fifth Circuit Court of Appeals recognizes the district courts' authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Taking judicial notice of the parties' pleadings and the Findings, Conclusions and Recommendation of the Magistrate Judge in petitioner's prior federal habeas proceeding in No. 4:08-CV-030-A, as this court is entitled to do, it appears petitioner's assertion that his incompetency claim

---

[1] Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

3

was not considered by the state and this court on the merits is factually incorrect. The record in 4:08-CV-030-A reflects petitioner raised two grounds in his amended petition:

> GROUND ONE: In both causes, the [state] court of appeals erred by abating the appeal, over petitioner's objection, so the trial court could retroactively find petitioner was competent to stand trial, where at the time petitioner was actually tried, the trial court's standing finding was that petitioner was incompetent to stand trial.
>
> GROUND TWO: The [state] court of appeals erred in denying petitioner's second issue on appeal because the state violated petitioner's federal constitutional right to a speedy trial notwithstanding petitioner's actions or failures to act.

The state was ordered to file, and did file, an amended answer addressing the merits of both claims, and the claims were considered by the court on the merits. (docket entries 35, 39 and 41) Thus, to the extent petitioner challenges the prior federal habeas proceeding, the claim is not supported by the record. Nor is a § 2254 petition the appropriate vehicle within which to bring such a claim. *See* FED. R. CIV. PROC. 60(b); *Coleman v. Cain*, No. 05-799, slip op., 2009 WL 3400462, at *2 (5th Cir. Oct. 14, 2009).

In actuality, petitioner is challenging his underlying state court convictions on incompetency grounds as he has done previously in both state court and this court. Section 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

4

evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

From the face of the instant petition and court records, it is apparent that this is a successive petition. An attempt to recharacterize the claim does not result in a different disposition of the petition. Because petitioner has not shown he has obtained leave to file a successive petition from the Fifth Circuit Court of Appeals, this court is without jurisdiction to consider the petition.[2] *Id.*; *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

## II. RECOMMENDATION

It is recommended that this action be dismissed as a successive § 2254 petition under 28 U.S.C. § 2244(b).

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 13, 2011. In order to be specific, an objection must identify the specific

---

[2] Because the court lacks jurisdiction, no recommendation is made on petitioner's application to proceed *in forma pauperis*. (docket # 3)

5

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until April 13, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March _24_, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE